# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **CHARLES K. OGLETREE, and STEPHANIE M. OGLETREE,** ) ) ) | |
| **Plaintiffs,** ) ) | |
| ) | **Case No.:  1:11-CV-489-VEH** |
| v. ) ) | |
| **BANK OF AMERICA, N.A., and BAC HOME LOANS SERVICING, LP,** ) ) ) ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction**

This case arises out of a mortgage relating to Plaintiffs' home located in Lincoln, Alabama (Doc. 1-1 at 5 ¶ 1), and was removed to this court by Defendants Bank of America, N.A., and BAC Home Loans Servicing, LP, on February 11, 2011, on the basis of diversity and federal question jurisdiction.[1]  (Doc. 1).  Pending before the court is Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. 6) (the "Motion") filed on February 18, 2011.

---

[1] Defendants subsequently disavowed any reliance upon federal question jurisdiction as a basis to support their removal to federal court.  (Doc. 11 at 2 n.2).

Plaintiffs filed their opposition (Doc. 15) to the Motion on April 25, 2011. On May 2, 2011, Defendants followed with their reply. (Doc. 16). Accordingly, the Motion is now under submission, and, for the reasons explained below, is **GRANTED IN PART** and **DENIED IN PART**.

## II.    Standard

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying

2

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).

## III. Analysis

Plaintiffs' verified complaint was originally filed in the Circuit Court of Talladega County on January 5, 2011, and contains six counts. (Doc. 1-1 at 5-24). Defendants seek a dismissal of all claims. The court addresses each one in turn.

### A. Count I for Temporary Restraining Order

Because federal courts are courts of limited jurisdiction, "a federal court has an

independent obligation to review its authority to hear a case [or a claim] before it proceeds to the merits." *Mirage Resorts, Inc. v. Quiet Nacelle Corp.,* 206 F.3d 1398, 1400-1401 (11th Cir. 2000). Consistent with this jurisdictional review, Plaintiffs' request for a temporary restraining order is due to be dismissed *sua sponte* for lack of subject matter jurisdiction as it is moot.

"[A] case [or claim] is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *see also Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001). When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the claim is moot and must be dismissed because any decision on the merits of a moot cause of action would be an impermissible advisory opinion. *See Hall v. Beals*, 396 U.S. 45, 48 (1969); *Jews For Jesus, Inc. v. Hillsborough County Aviation Auth.*, 162 F. 3d 627, 629 (11th Cir. 1998).

Specifically, the temporary restraining order count seeks to prevent a foreclosure upon Plaintiffs' property scheduled to occur on January 12, 2011. Because this date has already passed (and presupposing that Plaintiffs would even be able to satisfy all of the procedural and substantive requirements associated with obtaining such an extraordinary order), the relief sought is stale from a timing standpoint, and the court

4

cannot properly exercise jurisdiction over this claim. Furthermore, Plaintiffs have conceded in their opposition that is particular count is moot. (Doc. 15 at 7 ("Accordingly, Plaintiffs' TRO request is currently moot.")). Therefore, Plaintiffs' request for immediate injunctive relief is **HEREBY DISMISSED WITHOUT PREJUDICE** *sua sponte* pursuant to Rule 12(b)(1).

### B. Count II for Preliminary and Permanent Injunction

As for count II, Defendants contend that Plaintiffs cannot show that they are likely to succeed on the merits of their claims, an essential injunctive element, because they "have failed to state a claim upon which relief can be granted." (Doc. 7 at 12). However, because the court concludes that some of Plaintiffs' counts do survive Defendants' Rule 12(b)(6) challenge, Defendants' primary argument against Plaintiffs' claim for preliminary and permanent injunctive relief is not persuasive.

The rest of Defendants' argument turns more upon Plaintiffs' alleged lack of proof, as opposed to a lack of essential allegations. Relatedly, the court is not inclined to dismiss this count, which is part of a verified complaint, on such a underdeveloped record. Therefore, to the extent that Defendants' Motion asks this court to dismiss Count II, the Motion is **DENIED**.

### C. Count III for Negligent, Reckless and/or Wanton Servicing of Loan and Mortgage

Defendants contend but do not provide this court with any controlling case law or persuasive authority which establishes that a plaintiff cannot assert a claim for negligent, reckless and/or wanton servicing of a loan and mortgage by relying upon federal statutes such as HARP, TARP, and the like to support such a theory under Alabama law. *Cf. Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 812 (1986) ("We think it would similarly flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute <u>solely because the violation of the federal statute is said to be a 'rebuttable presumption' or a 'proximate cause' under state law, rather than a federal action under federal law</u>.") (emphasis added) (footnote omitted). Therefore, Defendant's Motion is **DENIED** insofar as it asks this court to dismiss Count III.

### D. Count IV for Negligent, Reckless and/or Wanton Training and/or Supervision

Similar to count III, Defendants contend but do not provide this court with any controlling case law or persuasive authority which establishes that a plaintiff cannot assert a claim for negligent, reckless and/or wanton training and supervision relating to the servicing of a loan and mortgage under Alabama law. Therefore, Defendant's Motion is **DENIED** insofar as it asks this court to dismiss Count IV.

### E. Count V for Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendants do provide controlling case authority for the proposition that "Alabama law does not recognize a claim for breach of the implied covenant of good faith and fair dealing outside of the insurance context – regardless of Defendants' alleged conduct." (Doc. 16 at 6 (citing *Lake Martin/Alabama Power Licensee Ass'n, Inc. v. Alabama Power Co.*, 601 So. 2d 942 (Ala. 1992)).

In *Lake Martin*, the Supreme Court of Alabama explained:

> This Court has explicitly held that there is no good faith contractual cause of action, *Tanner v. Church's Fried Chicken, supra; Government Street Lumber Co. v. AmSouth Bank, supra*; that means that bad faith is not actionable absent an identifiable breach in the performance of specific terms of the contract. There is no identifiable breach in the performance of the specific terms of the license agreement by Alabama Power; and <u>there is no contractual cause of action for breach of an implied duty of good faith that nebulously hovers over the contracting parties, free from the specific terms of the contract</u>.

*Lake Martin*, 601 So. 2d at 945 (emphasis added); *accord Kennedy Elec. Co., Inc. v. Moore-Handley, Inc.*, 437 So. 2d 76, 81 (Ala. 1983) ("The plaintiff argues that this court should extend to the area of general contract law the tort of bad faith that has already been recognized in the context of insurance policy cases.") (citations omitted); *Kennedy*, 437 So. 2d at 81 ("Although every contract does imply good faith and fair dealing (*see* § 7-1-203, Code 1975), <u>it does not carry with it the duty imposed by law

which we have found in the context of insurance cases.") (emphasis added); *Kennedy*, 437 So. 2d at 81 ("We are not prepared to extend the tort of bad faith beyond the area of insurance policy cases at this time.") (citation omitted).

Moreover, Plaintiffs have not provided any countervailing controlling authority that confirms their ability to assert a claim for breach of the implied covenant of good faith and fair dealing in the context of lender liability under Alabama law. Therefore, Defendant's Motion is **GRANTED** insofar as it asks this court to dismiss Count V. Count V of Plaintiffs' complaint is **HEREBY DISMISSED** pursuant to Rule 12(b)(6).

### F. Count VI for Promissory Estoppel

Defendants have cited to no controlling case law or persuasive authority for the proposition that a dismissal of Plaintiffs' promissory estoppel count is appropriate pursuant to Rule 12(b)(6). Instead, they suggest that Plaintiffs lack proof to establish such a claim. (*See, e.g.*, Doc. 16 at 7 ("For a promissory estoppel claim, Plaintiffs concede they must prove that: (i) Defendants misled the Plaintiffs while Defendants had *knowledge* of the true facts, (ii) Plaintiffs relied upon the Defendants['] representations, and (iii) Plaintiffs were harmed.") (citing *Penick v. Most Worshipful Prince Hall Grand Lodge F & A M of Alabama, Inc.*, 46 So. 3d 416, 431 (Ala. 2010) (emphasis added by Defendants)).

*Penick* is a summary judgment opinion decided on a developed evidentiary

record. Therefore, *Penick* does not mandate a 12(b)(6) dismissal of Plaintiffs' Count VI.

Moreover, Plaintiffs have alleged sufficient facts for their promissory estoppel count to survive Defendants' Rule 12(b)(6) challenge. Therefore, Defendant's Motion is **DENIED** insofar as it asks this court to dismiss Count VI.

## IV.   Conclusion

Accordingly, for the reasons explained above, the Motion is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Counts I and V are **HEREBY DISMISSED**, and Counts II, III, IV, and VI remain.

**DONE** and **ORDERED** this the 20th day of July, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge